9/15/2017 9:24:10 AM
17CV39930

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF CLACKAMAS

| | |
|---|---|
| **AIRPORT CONCESSION CONSULTING SERVICES LLC**, a limited liability company, and **PATRICK GLEASON**, an individual, ) ) ) ) ) | Case No. _____ |
| | **COMPLAINT** |
| Plaintiffs, ) ) ) | **(Breach of Contract; Duty to Defend)** |
| | **JURY TRIAL DEMANDED** |
| v. ) ) | **Prayer: $142,500.00** |
| **SENTINEL INSURANCE COMPANY, LTD.**, a foreign corporation, ) ) ) ) | **Fee Authority:  ORS 21.160(1)(c)** |
| Defendant. ) ) | **NOT SUBJECT TO MANDATORY ARBITRATION** |

17    Plaintiffs Patrick Gleason ("Gleason") and Airport Concession Consulting Services

18  LLC ("ACCS"), for their complaint, do hereby allege as follows:

19                                          **PARTIES**

20                                               1.

21    ACCS was at all material times a limited liability company with its principal place of

22  business in Damascus, Oregon.

23                                               2.

24    At all material times, Gleason was an Oregon resident and sole owner, member and

25  manager of ACCS.

26  ///

Page 1 – COMPLAINT
O:\1037300\0003 wbm complaint.docx

PARSONS FARNELL & GREIN, LLP
Attorneys at Law
1030 SW Morrison Street
Portland, Oregon 97205
TELEPHONE (503) 222-1812 FAX: (503) 274-7879

Exhibit 2

1                                        3.

2          Defendant Sentinel Insurance Company Ltd. ("Sentinel") is an insurance company

3   domiciled in Connecticut with its principal place of business in Hartford, Connecticut.  At all

4   material times, Sentinel was doing business in the State of Oregon and issued the policies of

5   insurance discussed further below to ACCS in Oregon.

6                          **JURISDICTION AND VENUE**

7                                        4.

8          This Court has jurisdiction over Sentinel because Sentinel transacted insurance in

9   Oregon within the meaning of the Oregon Insurance Code, ORS 731.146, and because the

10  claim giving rise to this lawsuit arose out of the risks for which Sentinel provided coverage

11  within Oregon.

12                                       5.

13         Venue lies with this Court under ORS 14.080 because Sentinel conducts regular

14  sustained business activity in Clackamas County, Oregon and the events that gave rise to this

15  cause of action occurred in whole or in part within Clackamas County.

16                              **THE POLICIES**

17                                       6.

18         Sentinel issued a series of successive insurance policies to ACCS, which, among other

19  times, were in effect from September 25, 2010 to September 25, 2013 (hereinafter collectively

20  referred to as "the Policies").  The Policies were purchased by ACCS while ACCS maintained

21  its principal place of business in Oregon.

22                                       7.

23         At all relevant times, Gleason was a member and manager of ACCS and an insured

24  under the Policies with respect to the conduct of ACCS's business.

25

26  / / /

Page 2 – COMPLAINT
O:\10373001\0003 wbm complaint.docx

PARSONS FARNELL & GREIN, LLP
Attorneys at Law
1030 SW Morrison Street
Portland, Oregon 97205
TELEPHONE (503) 222-1812 FAX: (503) 274-7979

**Exhibit 2**

1                              8.

2  The Policies include the following insuring agreement:

3          We will pay those sums that the insured becomes legally obligated to pay as

4          damages because of "bodily injury", "property damage" or "personal and

5          advertising injury" to which this insurance applies.  We will have the right and

6          duty to defend the insured against any "suit" seeking those damages.

7                              9.

8  The Policies include the following definitions:

9          "Personal and advertising injury" means injury, including consequential "bodily

10          injury", arising out of one or more of the following offenses:  * * *

11              d.  Oral, written or electronic publication of material that slanders or libels a

12                 person or organization or disparages a person's or organization's goods,

13                 products or services; * * *

14              h.  Discrimination or humiliation that results in injury to the feelings or

15                 reputation of a natural person.

16                      **THE UNDERLYING LAWSUIT**

17                            10.

18  Diego Concession Group LLC ("DCG") filed a lawsuit in the Superior Court for the

19  State of California, County of San Diego entitled *Diego Concession Group LLC v. San Diego*

20  *County Regional Airport Authority; Robert H. Gleason*, Case No. 37-2012-00088083-CU-BT-

21  CTL ("Underlying Lawsuit").  Gleason and ACCS were added as defendants to the Underlying

22  Lawsuit.

23                            11.

24  In the Underlying Lawsuit, DCG alleged that the San Diego County Regional Airport

25  Authority ("Authority") issued various Requests for Proposal ("RFPs") for food service and

26  ///

PARSONS FARNELL & GREIN, LLP
Attorneys at Law
1030 SW Morrison Street
Portland, Oregon 97205
TELEPHONE (503) 222-1812 FAX: (503) 274-7979

**Exhibit 2**

1   retail concessions. DCG further alleged that DCG timely submitted responses to some of the

2   RFPs.

3                                              12.

4        DCG alleged in the Underlying Lawsuit that the Authority retained ACCS and Gleason

5   to analyze information submitted by the bidders, including DCG's bid packages.

6                                              13.

7        DCG further alleged in the Underlying Lawsuit that ACCS and Gleason misrepresented

8   DCG's qualifications by making false statements to the Authority that DCG was not financially

9   qualified, did not properly respond to the Authority's request for financial information, and was

10  "nonresponsive" to follow up inquiries.

11                                             14.

12       As a result of these alleged false representations, DCG claimed that it was deprived of

13  any chance of being the winning bid for the various RFPs.

14                                             15.

15       DCG filed claims against ACCS and Gleason in the Underlying Lawsuit for, among

16  other things, negligent misrepresentation, trade libel, intentional interference with prospective

17  economic advantage, negligent interference with prospective economic advantage, and unfair

18  competition.  ACCS denied the allegations and ultimately prevailed at trial against DCG.

19                                             16.

20       ACCS and Gleason tendered the Underlying Lawsuit to Sentinel and requested that

21  Sentinel defend them against the claims alleged by DCG in the Underlying Lawsuit.

22                                             17.

23       Sentinel wrongfully refused to defend ACCS and Gleason.

24                                             18.

25       As a result of Sentinel's wrongful denial of ACCS's and Gleason's tender of defense,

26  ACCS and Gleason were forced to retain defense counsel to defend against the claims alleged

PARSONS FARNELL & GREIN, LLP
Attorneys at Law
1030 SW Morrison Street
Portland, Oregon 97205
TELEPHONE (503) 222-1812 FAX: (503) 274-7979

**Exhibit 2**

1    in the Underlying Lawsuit and incurred no less than $142,500 in legal fees and expenses.

2                                              19.

3           ACCS and Gleason have not been reimbursed for the legal fees and expenses incurred

4    in the Underlying Lawsuit.

5                            **FIRST CLAIM FOR RELIEF**

6               **(Breach of Contract – Breach of Duty to Defend)**

7                                              20.

8           Paragraphs 1-19 are incorporated herein as if expressly alleged.

9                                              21.

10          The Policies are valid and enforceable contracts that obligated Sentinel to defend ACCS

11   and Gleason against the allegations and claims alleged in the Underlying Lawsuit.

12                                             22.

13          ACCS and Gleason performed and/or satisfied all obligations and conditions precedent

14   required by the Policies, except any that were waived and/or excused by Sentinel, or as to

15   which performance was prevented or no longer required due to Sentinel's conduct.

16                                             23.

17          Pursuant to the Policies, Sentinel was required to defend ACCS and Gleason from the

18   claims alleged in the Underlying Lawsuit and pay for ACCS's and Gleason's legal fees and

19   expenses incurred in their defense.

20                                             24.

21          Sentinel breached the Policies by refusing to defend ACCS and Gleason in the

22   Underlying Lawsuit.

23                                             25.

24          Sentinel's breach of its contractual obligations under the Policies has caused ACCS and

25   Gleason damages in an amount to be proven at trial, but not less than $142,500.

26   ///

Page 5 – COMPLAINT
O:\103730001\0003 wbm complaint.docx

PARSONS FARNELL & GREIN, LLP
Attorneys at Law
1030 SW Morrison Street
Portland, Oregon 97205
TELEPHONE (503) 222-1812 FAX: (503) 274-7979

**Exhibit 2**

1                                      26.

2        Payment due under the Policies was either ascertained or readily ascertainable by

3   Sentinel by the date each invoice was provided to ACCS and Gleason from their retained

4   defense counsel in the Underlying Lawsuit.  ACCS and Gleason are entitled to prejudgment

5   interest from that time forward at the rate of 9% per annum.

6                                      27.

7        Sentinel is liable for ACCS's and Gleason's reasonable attorney fees incurred herein

8   pursuant to ORS 742.061.

9        WHEREFORE, Plaintiffs respectfully pray for judgment in their favor and against

10  Defendant as follows:

11       1.      Damages in an amount to be proven at trial, but not less than $142,500;

12       2.      Pre-judgment interest at the rate of 9% per annum;

13       3.      Reasonable attorney fees incurred herein pursuant to ORS 742.061;

14       4.      All other costs and disbursements incurred in this action;

15       5.      Post-judgment interest at the rate of 9% per annum; and

16       6.      All other relief that the Court deems just and equitable.

17       DATED this 15th day of September, 2017.

18                                    PARSONS FARNELL & GREIN, LLP

19

20                          By  s/Michael E. Farnell
                                Michael E. Farnell, OSB #922996
21                              Email:  mfarnell@pfglaw.com
                                W. Blake Mikkelsen, OSB #074604
22                              Email:  bmikkelsen@pfglaw.com
                                1030 SW Morrison Street
23                              Portland, OR  97205-2626
                                Telephone:  (503) 222-1812
24                              Facsimile:  (503) 274-7979
                                Attorneys for Plaintiffs

25

26

Page 6 – COMPLAINT
O:\10373001\0003 wbm complaint.docx

**Exhibit 2**